UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK NOVELLO,

    Plaintiff,

v.                                           Case No. 8:19-cv-1618-KKM-JSS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

Defendant Progressive Express Insurance Company filed two motions requesting that the Court allow two of their witnesses, Joyce Richardson and Cheryl Porter, to testify virtually or, in the alternative, allow video depositions to be used in lieu of live testimony at trial. (Doc. 72 at 2; Doc. 74 at 1). Plaintiff Frank Novello does not object to the motions. (Doc. 72 at 2; Doc. 74 at 2). Because the Court finds that good cause exists and that appropriate safeguards will be used, the Court grants Progressive's motions and will permit Ms. Richardson and Ms. Porter to testify by video.

In its motion, Progressive explains that Ms. Richardson is "extremely concerned about appearing at a live, in-person trial . . . due to serious health and safety concerns arising from the ongoing Covid-19 pandemic." (Doc. 72 at 1). In particular, Ms.

Richardson is concerned because she has an immune disorder, she is not fully vaccinated, and she is a caregiver for her elderly mother. (*Id.*). Regarding Ms. Porter, Progressive explains that her "age and diabetes places her as being at high risk for serious complications if exposed to Covid-19" and that "she will not be fully vaccinated in time for trial." (Doc. 74 at 1–2). "Ms. Porter is also extremely concerned about risking potential exposure to her elderly parents, with whom she interacts" and who suffer from underlying health conditions that make them especially vulnerable to COVID-19. (Doc. 74 at 1–2).

Although Federal Rule of Civil Procedure 43(a) prefers that witness testimony be taken in open court, "[t]he plain language of the rule [also] gives the district court discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'" *Toland v. Phoenix Ins. Co.*, No. 20-12556, 2021 WL 1201737, at *4 (11th Cir. Mar. 30, 2021) (citation and quotation omitted).

The Court finds that good cause for allowing virtual testimony exists in the light of the ongoing COVID-19 pandemic and the witnesses' circumstances, including their failure to be timely vaccinated and their underlying health conditions. Indeed, Chief Judge Corrigan's Administrative Order Extending the Cares Act—which was entered on February 24, 2021, and is still effective—recognizes that the President's national emergency declaration with respect to COVID-19 remains in effect. *In re: National Emergency Declaration*, 8:20-mc-25, Doc. 5 (M.D. Fla. Feb. 24, 2021). Further, the Court cannot predict when the pandemic will end or when Ms. Richardson's and Ms. Porter's

concerns will be alleviated such that they would be able to testify in person. This inherent uncertainty counsels against indeterminately delaying trial, especially considering the age of this case. *See Toland*, 2021 WL 1201737, at *4 (explaining that the district court's decision to hold a hearing by videoconference because of the COVID-19 pandemic was within its discretion under Rule 43).

Additionally, appropriate safeguards will be utilized for the witnesses' testimony. Both Ms. Richardson and Ms. Porter will testify by video, which allows the jury to observe and evaluate the witnesses' demeanors and facial expressions during their testimony. And both Plaintiff and Defendant will have the opportunity to examine Ms. Richardson and Ms. Porter using the same video platform, ensuring that the method and opportunity for examination is the same. Finally, Progressive has provided sufficient advance notice of its request for these witnesses to appear virtually by filing its motions weeks before trial. Mr. Novello does not oppose Progressive's request, foreclosing any argument that Mr. Novello lacked an opportunity to argue for the witnesses' in-person attendances. *See* Fed. R. Civ. P. 43(a) Advisory Committee's Note to 1996 Amendment (advising that safeguards must be adopted to ensure the "accurate identification of the witness" and "accurate transmission" of witness testimony, and to ensure that "advance notice is given to all parties" so that "the opportunity to argue for attendance of the witness at trial" is protected).

Accordingly, considering the totality of the circumstances and the Court's own discretion, the Court **GRANTS** Progressive's unopposed motions for alternative

appearances by its witnesses. (Doc. 72; Doc. 74). Joyce Richardson and Cheryl Porter shall be allowed to testify at trial virtually, through Zoom or some other comparable platform as the Court later directs.

    **ORDERED** in Tampa, Florida, on April 23, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge