# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FRANK NOVELLO,

    Plaintiff,

v.                                             Case No. 8:19-cv-1618-KKM-JSS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

Plaintiff Frank Novello filed two motions requesting that the Court allow two witnesses, Timothy Sprague and Stuart Freeman, to testify virtually at trial. (Doc. 84 at 2; Doc. 85 at 2). Defendant Progressive Express Insurance Company does not object to the motions. (Doc. 84 at 2; Doc. 85 at 2). Because the Court finds that good cause exists and that appropriate safeguards will be used, the Court grants Novello's motion to allow Mr. Freeman to testify virtually. (Doc. 85). But because Novello has failed to provide good cause as to Mr. Sprague, the Court denies his motion to allow Mr. Sprague to testify virtually. (Doc. 84).

In his motion, Novello states that immediately after he obtained service of a trial subpoena on Mr. Freeman, Mr. Freeman contacted counsel and "indicated that he has serious COVID-19 pandemic concerns, including that he is immune-compromised and

currently recovering from a recent illness and surgery in his North Carolina second home." (Doc. 85 at 1; emphasis removed).

Although Federal Rule of Civil Procedure 43(a) prefers that witness testimony be taken in open court, "[t]he plain language of the rule [also] gives the district court discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'" *Toland v. Phoenix Ins. Co.*, No. 20-12556, 2021 WL 1201737, at *4 (11th Cir. Mar. 30, 2021) (citation and quotation omitted).

The Court finds that good cause exists for allowing virtual testimony with respect to Mr. Freeman in the light of the ongoing COVID-19 pandemic and Mr. Freeman's concerns about COVID-19—including his immunocompromised status and recent illness and surgery. Indeed, Chief Judge Corrigan's Administrative Order Extending the Cares Act—which was entered on February 24, 2021, and still governs—recognizes that the President's national emergency declaration with respect to COVID-19 remains in effect. *In re: National Emergency Declaration*, 8:20-mc-25, Doc. 5 (M.D. Fla. Feb. 24, 2021). Further, the Court cannot predict when the pandemic will end or when Mr. Freeman's concerns will be alleviated such that he would be able to testify in-person. This inherent uncertainty counsels against indefinitely delaying trial, especially considering the age of this case. *See Toland*, 2021 WL 1201737, at *4 (explaining that the district court's decision to hold a hearing by videoconference in the light of the pandemic was within its discretion under Rule 43).

Additionally, appropriate safeguards will be utilized for Mr. Freeman's testimony. He will testify by video, which allows the jury to observe and evaluate his demeanor and facial expressions during his testimony. And both Novello and Progressive will have the opportunity to examine Mr. Freeman using the same video-streaming platform, ensuring that the method and opportunity for examination is the same. Finally, Novello has provided sufficient advance notice of his request for Mr. Freeman to appear virtually. And, Progressive does not oppose Novello's request, foreclosing any argument that Progressive lacked an opportunity to argue for Mr. Freeman's in-person attendance. *See* Fed. R. Civ. P. 43(a) Advisory Committee's Note to 1996 Amendment (advising that safeguards must be adopted to ensure the "accurate identification of the witness" and "accurate transmission" of witness testimony, and to ensure that "advance notice is given to all parties" so that "the opportunity to argue for attendance of the witness at trial" is protected).

But Novello has failed to provide good cause for Mr. Sprague's virtual appearance. Novello explains that Mr. Sprague must be directly served and that his home address is approximately 1,071 miles from the Sam Gibbons Courthouse, where trial is scheduled to occur. Novello admits that he is "unaware if Mr. Sprague has COVID-19 pandemic concerns, his vaccination status or other issues." (Doc. 84 at 2). But nothing in Novello's motion distinguishes Mr. Sprague from any other witness who lives far away from the venue where trial is scheduled. Courts have repeatedly held that mere inconvenience or the expense or logistical difficulties associated with travel falls

short of supplying the requisite good cause under Rule 43(a). *See, e.g., Powers v. Target Corp.*, Case No. 19-cv-60922-BLOOM/Valle, 2020 WL 8970607, at *2 (S.D. Fla. Mar. 9, 2020) (concluding that plaintiff failed to establish good cause under Rule 43(a) where the "explanations submitted to the Court reflect[ed] the entirely foreseeable inconvenience" to the witness of "having to interrupt his busy schedule to attend trial in person" and explaining that the "inconvenience" of paying for a witness's travel and lodging expenses does not constitute the "type of 'good cause' or 'compelling circumstances' that would warrant granting Plaintiff's Motion"); *see also Lamonica v. Safe Hurricane Shutters, Inc.*, No. 07-61295-CIV, 2011 WL 917726, at *1 (S.D. Fla. Feb. 18, 2011) (concluding that the alleged financial and logistical burdens of attending trial did not constitute "good cause" or "compelling circumstances" under Rule 43, even where the plaintiffs lived outside of the country and would have to travel internationally). Nor does good cause for other witnesses to testify virtually due to COVID-19 concerns carry over to non-similarly situated witnesses, like Mr. Sprague.

Accordingly, considering the totality of the circumstances and the Court's own discretion, it is **ORDERED**:

(1) The Court **DENIES WITHOUT PREJUDICE** Novello's motion to allow live video testimony of Timothy Sprague. (Doc. 84).

(2) The Court **GRANTS** Novello's unopposed motion to allow live video testimony of Stuart Freeman. (Doc. 85). Mr. Freeman shall be allowed to

testify at trial virtually, through Zoom or some other comparable platform as the Court later directs.

**ORDERED** in Tampa, Florida, on May 4, 2021.

Kathryn Kimball Mizelle
United States District Judge